IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01767-BNB

DANIEL L. CATLIN,

    Plaintiff,

v.

EL PASO COUNTY, and
STATE OF COLORADO,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 0 4 2007

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Plaintiff, Daniel L. Catlin, is a pretrial detainee who currently is confined at the El Paso County Detention Facility in Colorado Springs, Colorado. He initiated the instant action by filing *pro se* a complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993). He has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2006), without payment of an initial partial filing fee. He asks for money damages or dismissal of the criminal charges pending against him.

The Court must construe the complaint liberally because Mr. Catlin is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his rights under the Constitution and laws

of the United States while they acted under color of state law. ***Adickes v. S. H. Kress & Co.***, 398 U.S. 144, 150 (1970). For the reasons stated below, the complaint will be dismissed.

Mr. Catlin alleges that state criminal charges are pending against him. He complains that there has been a delay in holding his trial, at least in part attributable to a detention facility lockdown that caused him to miss his preliminary hearing and delayed his ability to make a timely plea. Although he only lists El Paso County and the State of Colorado as Defendants in the caption to the complaint, he apparently also intends to sue the El Paso County District Court and the Honorable David J. Prince, the judge in his criminal case. He argues that the charges against him should be dismissed because of the delay in his state criminal proceedings.

Mr. Catlin is asking this Court to intervene in the pending state court criminal proceedings. The Court may not do so. Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. ***See Younger v. Harris***, 401 U.S. 37, 45 (1971); ***Phelps v. Hamilton***, 59 F.3d 1058, 1063-64 (10th Cir. 1995). To establish extraordinary or special circumstances, a plaintiff must be facing an irreparable injury that is both great and immediate. ***See Younger***, 401 U.S. at 46. The exceptions to ***Younger*** provide only for a "very narrow gate for federal intervention." ***Phelps***, 59 F.3d at 1064 (internal quotation marks omitted).

Mr. Catlin does not allege any facts that indicate he will suffer great and immediate irreparable injury if this Court fails to intervene in the ongoing state court criminal proceedings. The fact that a criminal defendant may be forced to appear,

and even delayed in appearing, in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury. *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977). Therefore, the Court should abstain from exercising jurisdiction pursuant to *Younger*. Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37, 45 (1971).

DATED at Denver, Colorado, this 2 day of Oct., 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01767-BNB

Daniel L. Catlin
Prisoner No. A00160777
El Paso County Det. Facility
2739 E. Las Vegas
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on \_\_10/4/07\_\_

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk